CIACCIO, Judge,
concurring.
I concur with the majority’s conclusion that defendant is not liable for the injury to plaintiff’s back. First, I do not find any act or omission by defendant which constitutes a cause-in-fact of plaintiff’s injury. The evidence does not establish that the personnel in the operating room supplied by defendant were in any way incompetent, inadequate or insufficient in strength, quality, ability or numbers to accomplish the tasks at hand. Neither plaintiff nor anyone else thought that more or different personnel were needed, and there is no indication that if plaintiff had requested more or different personnel, that his request would have been refused.
Second, the only duty suggested by plaintiff to be owed to him by defendant is the quasi-contractual duty to supply personnel. I agree with the majority’s conclusion that the scope of this duty does not encompass protecting plaintiff from the risk that he might injure himself while helping move a patient. The personnel are supplied to assist the doctor with his patient during surgery; the personnel are not present to protect against any risk that the surgeon might injure himself. And, I find no other duty owed by defendant to plaintiff which encompasses the risk of the harm which befell him. Plaintiff’s injury was entirely unexpected by anyone, including plaintiff, and apparently no one, certainly not defendant, had a duty to protect against it.
Third, as to the duty to supply personnel, as articulated by plaintiff, I find no breach of that duty by defendant. As mentioned previously in my comment concerning cause-in-fact, the evidence does not establish any deficiency with the personnel supplied. The mere occurrence of an injury does not automatically establish that someone proximately located by time, space, or legal theory must be at fault. In this case liability is premised upon a finding of fault, and I find no fault with defendant.
Not having found any act or omission by defendant to have been a cause-in-fact of plaintiff’s injury, nor any duty owed by defendant to plaintiff which encompasses protecting plaintiff from the risk of the harm which befell him, nor any breach of the only duty articulated by plaintiff, I find that defendant is not liable for plaintiff’s injury. The jury finding that defendant breached a duty owed to plaintiff, which breach proximately caused plaintiff’s injury is, on this record, clearly wrong.